JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL CITY STUDIOS LLLP, et al., <br><br>  Plaintiffs, <br><br> v. <br><br> NANJING WANLIDA TECHNOLOGY CO., LTD, <br><br>  Defendant. | NO. CV 08-04073 SJO (JCx) <br><br> **JUDGMENT** |

After full consideration of Plaintiffs Universal City Studios LLLP, Walt Disney Pictures, Warner Bros. Entertainment Inc., Paramount Pictures Corporation, and Twentieth Century Fox Film Corporation's (collectively, "Plaintiffs") Application for Entry of Default Judgment by the Court, including the evidence and authorities submitted by counsel,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiffs shall have the following JUDGMENT against Defendant Nanjing Wanlida Technology Co., Ltd.:

1. PERMANENT INJUNCTION:

    I. Defendant Nanjing Wanlida Technology Co., Ltd., its agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, assigns, and all those acting in concert with Wanlida or

1    at its direction (collectively "Wanlida"), are hereby restrained and enjoined
2    from:
3        (a)    Violating the copy protection specifications set forth in section 6.2 of
4    version 3.1 of the CSS Procedural Specifications (effective September
5    24, 2008) (the "Copy Protection Requirements"), as incorporated by
6    section 4.2 of the License;
7        (b)    Violating the Copy Protection Requirements set forth in any successor
8    version of the CSS Procedural Specifications and incorporated by
9    section 4.2 of the License;
10   II.    IT IS FURTHER ORDERED THAT:
11       (a)    Within thirty (30) days of the end of each fiscal quarter, commencing
12   with the quarter beginning July 1, 2009, Wanlida shall provide to
13   Plaintiffs' designated representative(s), quarterly reports, executed by
14   an officer of Wanlida under penalty of perjury under the laws of the
15   State of California, which reports shall:
16       (i)    Identify, by model number, each new or re-engineered DVD
17   playback device incorporating the CSS technology that is
18   manufactured or released for sale by Wanlida; and
19       (ii)    Attest that each such model properly implements the Copy
20   Protection Requirements mandated by the License and the          C S S
21   Procedural Specifications.
22       (b)    Wanlida shall permit Plaintiffs' designated representative(s) to test any
23   new or re-engineered Wanlida product that incorporates the CSS
24   technology and is manufactured pursuant to the License at least thirty (30) days
25   before such product is transferred to any third party, for the purpose of permitting
26   Plaintiffs to verify that the product complies with section 4.2 of the License and the
27   applicable Copy Protection
28

            Requirements.

            (i)     For purposes of Plaintiffs' testing review required by paragraph II(b) above, Wanlida shall provide to Plaintiffs' designated representative, not less than 90 days before Wanlida's first commercial sale of the new or re-engineered product, the results of Wanlida's own testing, if any, and at least two test samples of each new or re-engineered Wanlida DVD playback device that incorporates the CSS technology and is manufactured by Wanlida pursuant to the License.

III.    Plaintiffs and their designated representative(s) shall use the information provided by Wanlida pursuant to paragraph II above (collectively "Wanlida Product Information"), for the sole purpose of ensuring compliance with this Injunction, and for no other purpose.  Plaintiffs and their designated representatives shall not disclose Wanlida Product Information to any other person or entity; provided, however, that nothing in this Injunction shall prevent Plaintiffs or Plaintiffs' representatives from utilizing Wanlida Product Information in any court filings that are made for the purpose of seeking a remedy for any alleged violation of the License, the CSS Procedural Specifications, or this Injunction or as necessary to comply with any court order or legal process.

IV.    For purposes of this Injunction, Daniel Robbins, Jim C. Williams, and Andrea Avila, and their respective assistants, shall each be designated by Plaintiffs as their initial designated representative(s).  Plaintiffs may change a designated representative at any time without further order of the Court, by sending - by first class mail or overnight courier to the address set forth in the License - a notification of change of designated representative(s).

  V. Unless otherwise defined herein, all capitalized terms in this Permanent Injunction shall have the same meanings as are set forth in the License and/or the CSS Procedural Specifications.

  VI. Absent a further order by this Court, this Permanent Injunction shall expire and be of no further force and effect upon the earlier of (1) five years from the date of entry of this Permanent Injunction; or (2) cancellation and/or revocation of the License.

  VII. This Permanent Injunction shall be effective without the posting of any bond or undertaking by Plaintiffs.

  VIII. This Court shall retain continuing jurisdiction over the Parties for purposes of modifying or enforcing this Permanent Injunction.

2. Attorneys' fees in the amount of $35,670.50;

3. Post-judgment interest as provided by law from the date of entry of judgment herein until the date the judgment is paid in full.

Dated this 10th day of August, 2009.

*S. James Otero*

      S. JAMES OTERO
    UNITED STATES DISTRICT JUDGE